IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

TYLER J. MORRIS,

    Plaintiff,

vs.

FREIGHT & SHIPPING, INC.,
a Florida Corporation, and
ERIC MASTERS, an individual,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, TYLER J. MORRIS, sues Defendants, FREIGHT & SHIPPING, INC. and ERIC MASTERS, and shows:

### Introduction

1. This is an action by TYLER J. MORRIS against his former employers for unpaid overtime and unpaid commissions pursuant to the Fair Labor Standards Act and Florida law. Plaintiff seeks damages and a reasonable attorney's fee.

### Jurisdiction

2. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, as well as the Florida Statutes § 448.08. The Court has jurisdiction over the claims pursuant to 29 U.S.C. § 216(b).

3. The claim arose within the Middle District of Florida, which is where venue is proper.

### Parties and General Allegations

4. Plaintiff, TYLER J. MORRIS, (hereinafter "MORRIS") a resident of Pinellas County, was at all times material, employed by FREIGHT & SHIPPING, INC. as a Logistics

Specialist and was an employee as defined by 29 U.S.C. § 203 (e).

5. Defendant, FREIGHT & SHIPPING, INC. (hereinafter, "F & S"), is a Florida Corporation doing business in Pinellas County, Florida, and is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. §§ 203(d) and (s)(1), which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207, in the offices where MORRIS was employed.

6. Defendant, ERIC MASTERS (hereinafter "MASTERS"), who resides in the Middle District of Florida, was, or now is, an owner and/or operator of Defendant F & S.

7. Defendant MASTERS acted and acts directly in the interests of Defendant F & S, in relation to its employees. Thus MASTERS was and is an employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

### Count I – Violation of FLSA by Defendant F & S – Overtime

8. Plaintiff, TYLER J. MORRIS, realleges, as if fully set forth in Count I, the allegations of Paragraphs 1 through 5 above.

9. Since on or about April 2008 up to and including September 2008, defendant F & S has willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed: specifically MORRIS, since April 2008, has worked in excess of 40 hours a week every week of his employment, and was not compensated for the work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he was employed.

10. The failure to pay overtime compensation to MORRIS is unlawful in that he was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that he neither was a bona fide executive, administrative or professional employee, or in the alternative,

if MORRIS was exempt, Defendant's actions and/or conduct have effectively removed any exemption that may have applied to MORRIS.

11. F & S's actions were willful and purposeful as it was well aware of the Fair Labor Standards Act and MORRIS's status as non-exempt, but chose not to pay him in accordance with the Act.

12. MORRIS is entitled pursuant to 29 U.S.C. § 216(b), to recover from F & S:

 a. All unpaid overtime that is due;

 b. As liquidated damages, an amount equal to the unpaid overtime owed;

 c. The costs of this action, and;

 d. A reasonable attorney's fee.

WHEREFORE, Plaintiff, TYLER J. MORRIS, prays that this court will grant judgment against defendant F & S:

 a. awarding MORRIS payment of overtime compensation found by the court to be due to him under the Act, including pre-judgment interest;

 b. awarding MORRIS an additional equal amount as liquidated damages;

 c. awarding MORRIS his costs, including a reasonable attorney's fee; and

 d. granting such other and further relief as is just.

### Count II – Violation of FLSA by Defendant MASTERS – Overtime

13. Plaintiff, TYLER J. MORRIS, realleges, as if fully set forth in Count II, the allegations of Paragraphs 1 through 4, 6 and 7 above.

14. Since on or about April 2008 up to and including September 2008, defendant MASTERS has willfully violated the provisions of § 7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed: specifically MORRIS, since April 2008, has worked in excess of 40 hours

a week every week of his employment, and was not compensated for the work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he was employed.

15. The failure to pay overtime compensation to MORRIS is unlawful in that he was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that he neither was a bona fide executive, administrative or professional employee, or in the alternative, if MORRIS was exempt, MASTERS's actions and/or conduct have effectively removed any exemption that may have applied to MORRIS.

16. MASTERS's actions were willful and purposeful as he was well aware of the Fair Labor Standards Act and MORRIS's status as non-exempt, but chose not to pay him in accordance with the Act.

17. MORRIS is entitled pursuant to 29 U.S.C. § 216(b), to recover from MASTERS:

   a. All unpaid overtime that is due;

   b. As liquidated damages, an amount equal to the unpaid overtime owed;

   c. The costs of this action, and;

   d. A reasonable attorney's fee.

WHEREFORE, Plaintiff, TYLER J. MORRIS, prays that this court will grant judgment against defendant MASTERS:

   a. awarding MORRIS payment of overtime compensation found by the court to be due to him under the Act, including pre-judgment interest;

   b. awarding MORRIS an additional equal amount as liquidated damages;

   c. awarding MORRIS his costs, including a reasonable attorney's fee; and

   d. granting such other and further relief as is just.

### Count III- Violation of Florida Statutes Chapter 448 by F & S –Unpaid Commissions

18. Plaintiff, TYLER J. MORRIS, realleges, as if fully set forth in Count III, the allegations of Paragraphs 1 through 5 above.

19. MORRIS performed all conditions precedent set by F & S to receive payment of commission earned by MORRIS during the month of August.

20. MORRIS's August commission payment came due as of September 18, 2008.

21. As of the date of the filing of this Complaint, MORRIS has still not been paid the commission that he earned for the month of August despite demanding payment and providing F & S a reasonable time to pay.

22. As a result of F & S's failure to pay this vested and accrued commission, Plaintiff has suffered damages in the amount of owed commission.

WHEREFORE, Plaintiff MORRIS demands that judgment be entered in his favor against F & S for damages resulting from its refusal to pay his commission for the month of August, together with interest, plus an award of reasonable attorney's fees and costs pursuant to Florida Statutes §448.08, and such other and further relief as this Court deems proper.

Dated: 10/27/2008
Plantation, Florida

Respectfully submitted,

Robert S. Norell (Fla. Bar No. 996777)
E-Mail: robnorell@aol.com
ROBERT S. NORELL, P.A.
7350 NW 5th Street
Plantation, FL 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
Counsel for TYLER J. MORRIS